UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC MANLEY,

                      Plaintiff,

-against-

HRA/DSS; KADEJA ALLEN,

                      Defendants.

24-CV-1635 (DEH)

**ORDER OF DISMISSAL**

DALE E. HO, United States District Judge:

      Plaintiff, who is appearing *pro se,* brings this action against the New York City Human Resources Administration ("HRA"), the New York City Department of Social Services ("DSS"), and Kadeja Allen, a New Jersey resident.[1] The complaint appears to concern a family court matter between Plaintiff, who resides in Georgia, and Allen. The Court *sua sponte* dismisses the complaint for the reasons set forth below, with 30 days' leave to replead.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Murphy v. Hughson*, 82 F.4th 177 (2d Cir. 2023).

---

[1] Plaintiff paid the fees to initiate this action.

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint. On April 21, 2023, Defendant Allen,

> [a] Supplemental Security Income (SSI) recipient[] admit in deposition before State[] had been gainfully employed since 2003[] as bus driver[] enrich from aide of Magistrate Jennifer L. Castaldi[] who approved and process all of fraudulent public assistance claims in excess of $300,000.00 . . . applicant refusing to work or accept employment.

(ECF 1, at 7.)[2] HRA and DSS "conspir[ed] to interfere with civil rights of [Plaintiff's] [by] disguise[ing] themselves as defacto collection agency[] willfully deprive [Plaintiff] of his fundamental rights in connection with [HIPAA requirements and the Fair Credit Reporting Act]." *Id.* at 8. Plaintiff contends that HRA and DSS "conceded to all claims," which he also contends "occurred at HRA/DSS headquarters and at Family Court of Richmond County, in Staten Island, New York[.]"[3] *Id.*

Finally, Plaintiff alleges that "[c]o-defendant Allen allocution, explicitly in sworn statement[] subject to cross-examination[] speaks directly to Chief Judge Laura Taylor Swain of her involvement in underlying offenses with Surrogate Judge Castaldi[] 'secretly records Plaintiffs during administrative proceedings to gain unfair advantage over Plaintiffs," all of which appears to have occurred during proceedings held at the Richmond County Family Court.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff argues that this District is the proper venue for his claims because the events occurred in New York County, notwithstanding his assertion, to the contrary, that the claims occurred in Richmond County, located in the Eastern District of New York.

*Id.* at 9.  Plaintiff asserts violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Health Insurance Portability and Accountability Act ("HIPAA").  He seeks compensatory damages.

## DISCUSSION

### A.  Section 1983 Claims

#### 1.  Municipal Agencies

Plaintiff's claims against HRA and DSS must be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York.

#### 2.  City of New York

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing.  The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights.  *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).  In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and

3

(2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff's claims against the City of New York concern its agencies' alleged "disguis[ing] [of] themselves as defacto collection agenc[ies]," possibly during Family Court proceedings held in Richmond County.[4]  ECF No. 1, at 8.  These allegations are insufficient to support the assertion that the City of New York adopted a policy, custom, or practice that caused the violation of Plaintiff's rights.  Accordingly, the Court dismisses the Section 1983 claims against the City of New York for failure to state a claim upon which relief may be granted.

### 3. Kadeja Allen

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage."  42 U.S.C. § 1983.

---

[4] At this stage, the Court assumes that this District is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b)(2).  Should Plaintiff file an amended complaint that suggests the Eastern District of New York is the proper venue, the Court will consider at that stage whether the action should be transferred to that court.

Accordingly, private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Kadeja Allen is a private party who Plaintiff does not allege works for any state or other government body, Plaintiff has not stated a claim against her under Section 1983. The Court therefore dismisses the Section 1983 claims against Allen for failure to state a claim upon which relief may be granted.[5]

### B. Conspiracy Claims Under Section 1983 and 1985

To state a conspiracy claim under Section 1985, a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). Furthermore, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted). Claims under Section 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of

---

[5] Inasmuch as Plaintiff seeks to bring state-law claims against Allen, he may invoke the Court's diversity jurisdiction because it appears that he and Allen reside in different states. He would need to show, however, that the amount in controversy exceeds $75,000. Should Plaintiff assert such claims in any amended pleading, he also would need to show that this District is a proper venue for his claims against Allen by showing that the events giving rise to his claims occurred in a county within this District. *See* 28 U.S.C. § 112(b) ("The Southern District comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester[.]").

the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

To state a claim for conspiracy under Section 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

Here, Plaintiff fails to allege an agreement or factual details concerning the inception or operation of any conspiracy. He merely offers conclusory allegations that Defendants conspired against him for the purpose of denying him his (unspecified) constitutional rights. The Court therefore dismisses Plaintiff's conspiracy claims under Sections 1983 and 1985 for failure to state a claim upon which relief may be granted.

C.     **Health Insurance Portability and Accountability Act ("HIPAA")**

Plaintiff invokes HIPAA as a basis for his claims. The Second Circuit has explained, however, that, although HIPAA affords individuals certain privacy rights, it does not permit an individual to bring a claim under the HIPAA:

> HIPAA prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. But the statute does not expressly create a private cause of action for individuals to enforce this prohibition. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services. *Id.* § 1320d-5(a)(1). Nor does the statute imply a private cause of action. *See Ziglar v. Abbasi*, [137 S. Ct. 1843, 1855–56] (2017). By delegating enforcement authority to the Secretary of the Department of Health and Human Services, the statute clearly reflects that Congress did not intend for HIPAA to create a private remedy.

*See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).

Because there is no private right of action for an individual to bring suit under HIPAA, the Court dismisses Plaintiff's HIPAA claims for failure to state a claim upon which relief may be granted. The Court further instructs Plaintiff not to reassert such a claim if he chooses to file an amended complaint.

**D.      Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

E. **Leave to Amend**

Plaintiff paid the fees to initiate this action. Thus, before dismissing this action for failure to state a claim, the Court must provide Plaintiff "notice and an opportunity to be heard." *Wachtler*, 35 F.3d 77, 82. Accordingly, the Court grants Plaintiff 30 days to file an amended pleading. If Plaintiff does not submit an amended pleading with the time allowed, the Court will direct the Clerk of Court to enter judgment in this action. If Plaintiff does submit an amended pleading, the Court will review the submission to determine whether any summonses should issue.

**WARNING**

Plaintiff previously filed two actions asserting similar claims as he has asserted in this action. In the first action, filed in the United States District Court for the Northern District of Georgia, Plaintiff named as defendants DSS, HRA, the Staten Island City Council, and Support Magistrate Jennifer Castaldi. *See Manley v. NYC Dep't of Social Services*, No. 19 Civ. 312 (N.D. Ga. July 15, 2019) ("*Manley I*"). In that action, the Northern District of Georgia noted that Plaintiff's allegations were "disjointed, voluminous, repetitive, replete with legal citation and nonsensical jargon, and difficult to follow," but found that he was asserting claims arising out of a child support matter before Support Magistrate Castaldi in the Family Court of Richmond County. *Id.* (ECF No. 46, at 2, 10). The Northern District of Georgia dismissed *Manley I* for lack of personal jurisdiction over the City defendants and judicial immunity as applied to Support Magistrate Castaldi. *See id.* at 20.

The second action, filed in this court, was brought against HRA, DSS, and Support Magistrate Castaldi. Plaintiff claimed that Castaldi entered an improper judgment against Plaintiff, in violation of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043. *See Manley v. Human Res. Admin.*, No. 23 Civ. 1029, *11 (S.D.N.Y. July 27, 2023)

8

("*Manley II*"). Chief Judge Laura Taylor Swain dismissed *Manley II* for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine[6] and as barred as precluded by the judgment in *Manley I*.[7]

In light of this litigation history, the Court warns Plaintiff that he may be barred from filing further litigation – whether he pays the fees or asks that the fees be waived – regarding his family court matter with Allen, and brought against Allen, HRA, DSS, and other individuals not named here but named in the two prior actions, unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses Plaintiff's complaint for failure to state a claim upon which relief may be granted, with 30 days leave to amend his complaint.

The Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The Court warns Plaintiff that he may be barred from filing further litigation – whether he pays the fees or asks that the fees be waived – regarding his family court matter with Allen, and brought against Allen, HRA, DSS, and other individuals not named here but named in the two prior actions, unless he receives prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

---

[6] The *Rooker-Feldman* doctrine – named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – applies where a federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

[7] The claims asserted in this action may be barred as precluded by Plaintiff's litigating *Manley I* and *II*. The Court cannot reach such a conclusion, however, because it is not clear what exactly Plaintiff is asserting in this new action.

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 10, 2024
       New York, New York

                                                    DALE E. HO
                                     United States District Judge